# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:06cr05-8

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| | ) | |
| **STACEY SHAWN McABEE.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's letter to the Court, which is construed as a motion to defer his obligation to pay restitution during his period of incarceration [Doc. 245] and his Amended Motion [Doc. 250].

On February 21, 2007, the Defendant was sentenced to 78 months imprisonment in connection with his conviction for conspiracy to manufacture and possess methamphetamine. [Doc. 211]. The Defendant was ordered to pay $10,675.34 in restitution and payment was to commence immediately upon the entry of judgment and to continue during his incarceration. [Id. at 4-5, Doc. 250 at 2]. In the Defendant's letter, which has been construed as a

motion, he disclosed that he has been participating in the Inmate Financial Responsibility Program (IFRP) but has been unable to meet certain payments. [Doc. 245]. In later letters, the Defendant also states that he will be denied certain privileges if he continues to be unable to make payments pursuant to the IFRP. [Doc. 247; Doc. 250].

The Defendant, who acknowledges that he elected to participate in the IFRP, complains that he has been placed in "refusal status" due to his inability to make certain payments. By virtue of his participation in the IFRP, the authority and method of collecting through the IFRP as well as the determination of the Defendant's ability to pay has been delegated to the Bureau of Prisons (BOP) pursuant to federal regulations. 28 C.F.R. §§545.10, *et. seq*. To the extent that the Defendant challenges the payments he is required to make through the IFRP, he is obligated to exhaust all administrative remedies through the BOP before approaching the appropriate district court. United States v. Banks, 422 F. App'x. 137 (3rd Cir. 2011); McGhee v. Clark, 166 F.3d 884, 885-87 (7th Cir. 1999); Indelicato v. Suarez, 207 F.Supp.2d 216 (S.D.N.Y. 2002). Thereafter, he may challenge such payments but only by filing the appropriate pleading in the district court of confinement, not with the sentencing court. Banks, supra.; McGee v. Martinez, 627 F.3d 933 (3rd Cir. 2010); Matheny v. Morrison, 307 F.3d 709,

712 (8th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that the Defendant's letter to the Court [Doc. 245], which has been construed as a motion, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that for the same reasons the Defendant's Amended Motion [Doc. 250] is also hereby **DENIED**.

Signed: January 11, 2012

Martin Reidinger
United States District Judge